```
                        United States Bankruptcy Court
                        Middle District of Pennsylvania
In re:                                                              Case No. 19-04907-HWV
Raymond Winfield Harland                                            Chapter 7
        Debtor                     CERTIFICATE OF NOTICE

District/off: 0314-1           User: admin              Page 1 of 1        Date Rcvd: Mar 13, 2020
                               Form ID: 318             Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2020.
```
db           +Raymond Winfield Harland,   124 Sherrill Drive,   New Oxford, PA 17350-9221
5271046       Carrington Mortgage Services, LLC,   P.O. Box 79001,   Phoenix, AZ 85062-9001
5273840      +Carrington Mortgage Services, LLC,   1600 South Douglass Road, Suite 200-A,
               Anaheim, CA 92806-5951
5271049       Home Depot Credit Services,   P.O. Box 9001010,   Louisville, KY 40290-1010
5271050      +Matthew Charles Baron, Esquire,   Zwicker & Associates, P.C.,
               6 Montgomery Village Ave., Ste. 505,   Gaithersburg, MD 20879-3596
5271051      +TD Bank USA, N.A.,   7000 Target Parkway North,   Brooklyn Park, MN 55445-4301
5271052      +Tesla,   470 West Lancaster Avenue,   Devon, PA 19333-1510
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr           +EDI: PRA.COM Mar 13 2020 23:18:00     PRA Receivables Management, LLC,   PO Box 41021,
               Norfolk, VA 23541-1021
5271042       E-mail/Text: bankruptcynotices@amazon.com Mar 13 2020 19:25:33     Amazon,
               410 Terry Avenue, North,   Seattle, WA 98109-5210
5271043      +EDI: AMEREXPR.COM Mar 13 2020 23:18:00     American Express,   P.O. Box 981537,
               El Paso, TX 79998-1537
5271044       EDI: BANKAMER.COM Mar 13 2020 23:18:00     Bank of America,   4060 Ogletown Stanton Road,
               Newark, DE 19713
5271045       EDI: CAPITALONE.COM Mar 13 2020 23:18:00     Capital One,   P.O. Box 85015,
               Richmond, VA 23285-5617
5271047      +EDI: WFNNB.COM Mar 13 2020 23:18:00     Comenity - Overstock,   PO Box 182120,
               Columbus, OH 43218-2120
5271048       EDI: DISCOVER.COM Mar 13 2020 23:18:00     Discover Bank,   P.O. Box 15316,
               Wilmington, DE 19850-5316
5271730      +EDI: RMSC.COM Mar 13 2020 23:18:00     Synchrony Bank,   c/o PRA Receivables Management, LLC,
               PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 8

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 13, 2020 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    CARRINGTON MORTGAGE SERVICES, LLC
               bkgroup@kmllawgroup.com
              Kevin S Frankel    on behalf of Creditor    CARRINGTON MORTGAGE SERVICES, LLC pa-bk@logs.com
              Lawrence V. Young (Trustee)    lyoung@cgalaw.com,
               pa33@ecfcbis.com;tlocondro@cgalaw.com;rminello@cgalaw.com
              Thomas E. Miller    on behalf of Debtor 1 Raymond Winfield Harland staff@tommillerlawoffice.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Raymond Winfield Harland <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–4281 <br> EIN   __–_____ |
| Debtor 2 <br> (Spouse, if filing) | _____ <br> First Name   Middle Name   Last Name | Social Security number or ITIN  ____ <br> EIN   __–_____ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 1:19–bk–04907–HWV | |

# Order of Discharge                                                                                         12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Raymond Winfield Harland

**By the court:**  *[signature]*

3/13/20

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

Official Form 318                    **Order of Discharge**                                    page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**